V.Z. v. Garland

BIA
Navarro, IJ
A046 568 056

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

W.V.Z,

> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

> *Respondent.**

_____

22-6062
NAC

_____

* The Clerk of Court is directed to amend the official caption as shown above.

FOR PETITIONER:          Craig Relles, Esq., Law Office of Craig Relles, White Plains, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner W.V.Z., a native and citizen of Colombia, seeks review of a January 11, 2022 decision of the BIA affirming an Immigration Judge's ("IJ") decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review legal conclusions de novo and findings of fact for substantial evidence. *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021); *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–92 (2020). "[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary."

8 U.S.C. § 1252(b)(4)(B).

A CAT applicant bears the burden to show that he would "more likely than

not" be tortured by or with the acquiescence of government officials "if removed

to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a),

1208.18(a)(1).[1] "Analysis of a CAT claim boils down to a two-step inquiry."

*Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022).

"First, the applicant must show that . . . he . . . will more likely than not be

subject to any act by which severe pain or suffering, whether physical or mental,

is intentionally inflicted on a person for such purposes as . . . intimidating or

coercing him . . . or a third person." *Id.* at 759 (quotation marks and citations

omitted). In assessing whether an applicant has satisfied this burden, the agency

must consider all evidence relevant to the possibility of future torture, including

"[e]vidence of past torture," "[e]vidence that the applicant could relocate to a part

of the country of removal where he . . . is not likely to be tortured," "[e]vidence of

gross, flagrant or mass violations of human rights within the country of removal,"

and "other relevant information regarding conditions in the country of removal."

---

[1] Citations are to the regulations at the time of the IJ's decision.

8 C.F.R. § 1208.16(c)(3). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quotation marks and citation omitted).

"Second, . . . the applicant must show that his . . . likely future harm will be inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Garcia-Aranda*, 53 F.4th at 759 (quotation marks and citation omitted). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) (emphasis in original).

Here, the IJ determined that Petitioner did not demonstrate that he would more likely than not be tortured or killed in Colombia. Contrary to his argument that the agency failed to consider his risks of harm in the aggregate, the IJ considered Petitioner's proffered fear based on both threats from a drug trafficker

4

to whom Petitioner owed money and being a suspected cooperator with law enforcement. The IJ reasonably concluded that the record was unclear as to the basis for the past threats. And the BIA emphasized that Petitioner "ha[d] not shown that anyone in Colombia has threatened him or sought his whereabouts for two decades." BIA Decision at 2. Further, as the BIA noted, Petitioner focused on his cooperation-based fear at the hearing. "[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," and the record does not compel otherwise here given the agency's discussion of both grounds. *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

Substantial other evidence also supports the agency's conclusion that Petitioner failed to establish that he would more likely than not be tortured if returned to Colombia. The IJ reasonably found that Petitioner's "claim rest[ed] upon several suppositions" that were speculative, including that his former associates and other drug traffickers believed he had cooperated with U.S. authorities, would learn of his removal to Colombia, and would torture or kill him, and that a former associate would torture or kill him because of the money he owed from a failed drug sale. IJ Decision at 10. Petitioner had the burden to

5

establish that each link in the chain is more likely than not to occur. *See Savchuck*, 518 F.3d at 123. Although the IJ found Petitioner's testimony credible about the threats he received in 2002 from a former associate and recognized his general fear of returning to Colombia, the IJ concluded that there was insufficient evidence of a likelihood of harm because no past threats had been acted on and neither he nor his family had been threatened since 2003 when they relocated within Colombia or in the United States. *See* 8 C.F.R. § 1208.16(c)(3) (identifying past torture and ability to safely relocate in the country of removal as factors in determining the likelihood of torture). Moreover, he had no evidence that the people he feared knew of any cooperation with law enforcement. "Because the agency's conclusion finds support in record evidence, [Petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).

Accordingly, on this record, the agency did not err in concluding that Petitioner failed to satisfy his burden of proof for CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review does not contemplate any judicial reweighing of

6

evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency."). We do not address acquiescence because failure to demonstrate a likelihood of torture is dispositive of Petitioner's CAT claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7